IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LISTER HARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-163 |
| | ) | |
| TIM VAUGHN; LYNN SHEFFIELD, | ) | |
| Dodge County; DONALD HELMS, | ) | |
| Dodge County; DR. WROEBLE, Dodge | ) | |
| County; JUDGE SARAH F. WALL, | ) | |
| Dodge County Superior Court; and | ) | |
| OFFICER DELOACH, Appling County, | ) | |
| Georgia,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Georgia Diagnostic & Classification State Prison in Jackson, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case that originated in the Middle District of Georgia and was transferred to this District on December 29, 2014, by Order of United States District Judge W. Louis Sands. Prior to transferring the case to this District, Judge Sands directed Plaintiff to pay an initial partial filing fee of $27.70 within twenty-one days and advised him that all prisoners, even those proceeding IFP must pay the filing fee of $350.00 in full. (Doc. no. 12, p. 2 (citing 28 U.S.C. § 1915(b)(1)) and p. 6.) The docket does not reflect that Plaintiff has paid the assessed initial partial filing fee as required by

---

[1] The **CLERK** is **DIRECTED** to change the spelling of Defendant Wroeble's name in conformance with Plaintiff's Recast Statement of Claims. (Doc. no. 10, p. 2.)

the relevant provisions of the United States Code.

Under the Prison Litigation Reform Act ("PLRA"), prisoners granted IFP status must, when funds are available, prepay at least a partial filing fee. 28 U.S.C. § 1915(b)(1)-(2). Courts may not except indigent prisoners from prepaying this partial filing fee. See id.; see also Rivera v. Allin, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); Martin v. United States, 96 F.3d 853, 856 (7th Cir. 1996) (insisting, whenever feasible, on payment in advance of initial filing fee in every civil action covered by the PLRA). Thus, Plaintiff shall have fourteen days from the date of this Order to inform the Court of his intentions regarding this case by complying with the Order directing payment of an initial filing fee of $27.70 or by showing the Court why he has not complied with the Order directing the payment.[2]

If Plaintiff notifies the Court that he has decided not to pursue his case and wishes to voluntarily dismiss his complaint at this time, then the case will not count as a "strike" which may later subject Plaintiff to the three-strike dismissal rule under 28 U.S.C. § 1915(g). It is important that Plaintiff communicate with the Court.

To ensure prison officials are aware that Plaintiff's case has been transferred and have the proper information for sending in Plaintiff's payments as required by the IFP statute, this Court will restate the payment requirements. If Plaintiff does not have sufficient funds in his account to pay the initial partial filing fee of $27.70, Plaintiff's custodian (or his designee) shall forward all available funds and carry the balance forward each month until the initial partial filing fee is

---

[2]The **CLERK** is **DIRECTED** to immediately inform the Court of any payment of the initial filing fee which is received from Plaintiff.

2

paid in full.  Plaintiff shall not be permitted to withdraw funds from his prison account until this initial fee has been paid.

**IT IS FURTHER ORDERED** that after the initial partial filing fee has been paid, Plaintiff's custodian or his designee shall set aside twenty percent of all deposits to Plaintiff's trust fund account and forward those funds to the Clerk each time the set aside amount exceeds $10.00 until the $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. 314-163.  In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian.  The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

The Clerk of Court is **DIRECTED** to serve this Order on Plaintiff and Plaintiff's custodian (warden).

SO ORDERED this 23rd day of January, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA