IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LISTER HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 314-163 |
| | ) |
| TIM VAUGHN, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia Diagnostic & Classification State Prison in Jackson, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case that originated in the Middle District of Georgia. Upon arrival in this District, the Court instructed Plaintiff to amend his complaint to include all of his related allegations in one pleading, to be submitted on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. (Doc. no. 17.) Plaintiff complied with the Court's directive, and the amended complaint is now before the Court. (Doc. no. 18.)

Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or

if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's amended complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current

2

action, (2) whether, while incarcerated, they have brought federal lawsuits dealing with facts other than those involved in the current action, (3) the disposition of any such lawsuits, (4) whether they were allowed to proceed IFP in any such lawsuits, and (5) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 18, pp. 1-3.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the same facts as those involved in the current action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the parties, the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP. (Id. at 1-2.)

## II. DISCUSSION

Here, under penalty of perjury, Plaintiff did not identify any other federal case he had filed, whether dealing with the same or other facts than this case. However, Plaintiff has an extensive filing history in the Dublin Division of both the United States Bankruptcy Court and the United States District Court. A search of Plaintiff's name on the PACER Case Locator, which tracks cases filed in federal courts, brings up nearly 150 cases associated with Plaintiff's name in either Bankruptcy Court, District Court, or the Eleventh Circuit Court of Appeals. See https://pacerlogin.uscourts.gov, search "All Court Types, Georgia, Party Name 'Harrell, Lister.'" Although the Court is aware that not all of these proceedings were filed by Plaintiff while incarcerated, at least forty have been filed in the District Court and twenty-six in the Court of Appeals since Plaintiff commenced this case as an incarcerated litigant on October 14, 2014. Moreover, even in consideration of the fact that Plaintiff's filings are predominantly appeals

from cases originating in Bankruptcy Court, Plaintiff has clearly filed "other lawsuits in state or federal court dealing with the same facts involved in this action."

For example, two appeals, of many, recently filed by Plaintiff in District Court concerning rulings from Bankruptcy Court are: <u>Harrell, Paradise Farms, Inc., and Saraland, LLLP v. Vaughn, Sheffield, Helms, and Boudreaux</u>, CV 314-147 (S.D. Ga. Dec. 8, 2014) and <u>Harrell, Paradise Farms, Inc., and Saraland, LLLP v. Vaughn, Sheffield, Helms, and Boudreaux</u>, CV 314-149 (S.D. Ga. Dec. 8, 2014). Chief United States Bankruptcy Judge Susan D. Barrett summarized the allegations raised in these cases in Bankruptcy Court as follows:

> In his complaint which was filed in each underlying bankruptcy case, Mr. Harrell seeks redress against Tim Vaughn, Lynn Sheffield, Donald Helms, and Todd Boudreaux ("Defendants") alleging Defendants have falsely accused him of fraud, terroristic threats, hiding assets, eluding arrest, and obstructing the ongoing business of Saraland, LLP. Adversary Proceeding No. 13-13013; Dckt. No. 1; Adversary Proceeding No. 13-03014, Dckt. No. 1; Adversary Proceeding No. 13-03015, Dckt. No. 1. Mr. Harrell avers the Defendants have taken assets that belong to his minor son and have had his minor son placed in a foster home based upon these false accusations. While in prison, Mr. Harrell states the Defendants have denied him access to counsel and had his bond revoked based on false accusations. Mr. Harrell seeks to recover property allegedly taken by Defendants which he estimates is worth $25 million dollars.

CV 314-147, doc. no. 1, Ex. 3, pp. 3-4; CV 314-149, doc. no. 1, Ex. 3, pp. 4-5.

At one time or another in this case, Plaintiff has named nine Defendants. Three of those Defendants include: (1) Tim Vaughn, District Attorney, Oconee Judicial Circuit; (2) Lynn Sheffied, Sheriff, Dodge County; and (3) Donald Helms, Deputy Sheriff, Dodge County. (Doc. no. 18, pp. 1, 4, 7.) According to Plaintiff, these Defendants, along with others, pursued a personal vendetta against Plaintiff which resulted in his illegal arrest and incarceration based on false claims of terroristic threats and activities, the placement of Plaintiff's son in a foster home,

4

and a conspiracy to "rob Harrell of his assets, which consisted of a 5000 acre tree farm and 10 houses." (Id. at 8, 9.)

As can be seen by the descriptions of the facts in these three cases, Plaintiff has been attempting to bring claims concerning his alleged illegal arrest and prosecution, as well as his son's placement in a foster home, in several venues. Plaintiff, under penalty of perjury, failed to disclose any prior filing history, let alone his case-related filings. Thus, Plaintiff provided dishonest information about his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador,

5

No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answers about filing prior lawsuits and the factual basis for such were blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

## III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 9th day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA